UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                        :        Chapter 7

MICHAEL VOLOSHEN                             :

       Debtor                         :        Bankruptcy No. 04-35121F
_____

..............................................

ORDER TO SHOW CAUSE

..............................................

       AND NOW, this 27th day of May 2005, upon the motion of creditor State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm") for sanctions against Ruslana Voloshen, the debtor's non-party spouse,

       And State Farm avers that on January 12, 2005, Mrs. Voloshen was served with a subpoena to appear for a Rule 2004 examination on February 7, 2005. See State Farm's Motion For Sanctions Against Ruslana Voloshen, n.1,

       And on February 4, 2005, Mrs. Voloshen allegedly advised State Farm's counsel that she would be unable to attend due to the illness of her children. Id. No rescheduled date was chosen,

       And on March 25, 2005, this court granted State Farm's subsequent Motion to Compel Attendance of Ruslana Voloshen for a 2004 Examination. Mrs. Voloshen was to appear for such examination within 20 days of the date of that order. The order was entered by default based upon State Farm's certification that proper notice of the motion was provided,

And State Farm alleges that it thereafter sent two letters to Mrs. Voloshen asking her to communicate with it regarding her compliance with this order, but she did not respond,

And State Farm now seeks sanctions against Mrs. Voloshen for non-compliance with this court's order compelling her attendance at a 2004 examination, and suggests that sanctions include a monetary penalty assessed for every day she remains in violation of the 2004 examination order,

And at a hearing held May 18, 2005 on State Farm's instant motion for sanctions, the court was advised that Mrs. Voloshen would not be present at the hearing as she was traveling to Bermuda,

And Rule 2004 provides for the examination of debtors as well as non-debtors.  Fed. R. Bankr. P. 2004(a).  The examination, however, "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  Id.,

And attendance at a Rule 2004 examination can be compelled as provided by Fed. R. Bankr. P. 9016 (which rule incorporates Rule 45, Fed. R. Civ. P. 45).  See Rule 2004(c),

And Rule 45(e) provides that "failure by any person without adequate excuse to obey a subpoena . . . may be deemed a contempt of the court . . . ."  See In re Honda, 106 B.R. 209, 213 (Bankr. D. Haw. 1989),

And a bankruptcy court also may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of title 11.  11 U.S.C. § 105(a); see also In re Kern, 1999 WL 33486096, *4 (Bankr. D.S.C. Oct. 20, 1999),

And in choosing the appropriate sanction, the procedural rules provide flexibility to the trial court.  As noted by one appellate court in generally discussing the sanctioning powers permitted by these rules:

> Sanctions come in a wide variety of guises.  The trial judge is best positioned to decide what sanction best fits a particular case or best responds to a particular episode or pattern of errant conduct.  So long as the sanction selected is "appropriate," Fed. R. Civ. P. 11, the Civil Rules place virtually no limits on judicial creativity.

Anderson v. Beatrice Foods Co., 900 F.2d 388, 394 (1st Cir. 1990),

And civil contempt sanctions against non-parties for failure to attend a Rule 2004 examination, which have been assessed by other courts, have included payment of the adversary's attorney fees, In re McCaulley, 218 B.R. 866 (Bankr. N.D. Ohio 1998) ($3,307 awarded for failure to submit to 2004 examination); Pereira v. Felzenberg, 1997 WL 698186, *7 (S.D.N.Y. Nov. 7, 1997) ($1,900 of $13,000 sanction attributable to costs of Rule 2004 examination at which daughters of debtors did not appear); and payment of a per diem penalty, Cohen v. Doyaga, 2001 WL 257828, *3 (E.D.N.Y. Mar. 9, 2001) ($500 per day penalty for failure of non-debtor spouse to appear for 2004 exam).  See also In re Kern, 1999 WL 33486096, *4 (debtor sanctioned $540 in trustee attorney fees and costs for repeated failure to attend 2004 examination); In re Sofro, 117 B.R. 745, 751 (Bankr. S.D. Fla. 1990) (defendant's pleadings stricken and default judgment to be entered for continual failure to comply with discovery orders),

3

And in order to afford Mrs. Voloshen one final opportunity to comply with the directive to appear at a 2004 examination conducted by State Farm, and to demonstrate why she should not be held in civil contempt,

It is hereby ordered that Mrs. Voloshen shall appear in Bankruptcy Courtroom No. 2, United States Courthouse, 900 Market Street, Philadelphia, Pennsylvania on June 20, 2005 at 11:00 a.m., to show cause why she should not be sanctioned for civil contempt of court.[1]

And while a copy of this order shall be sent first-class mail to Mrs. Voloshen, it is further ordered that State Farm shall serve a copy of this order upon Mrs. Voloshen by hand-delivery on or before June 6, 2005, and then certify such service to this court.

_____
BRUCE FOX
United States Bankruptcy Judge

Copies to:

Mrs. Ruslana Voloshen
2348 Walton Road
Huntindon Valley, PA 19006

Dimitri L. Karapelou, Esq.
Janssen Keenan & Ciardi, P.C.
One Commerce Square
2005 Market Street
Suite 2050
Philadelphia, PA 19103

---

[1] The hearing date should afford Mrs. Voloshen sufficient opportunity to retain counsel for this hearing, if she so chooses.

4

Cy Goldberg, Esq.
Goldberg Miller & Ruben, P.C.
121 South Broad Street
Suite 1500
Philadelphia, PA 19107

B. Towsend, Courtroom Deputy